## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| SAMUEL K. TIDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   16-1413 |
| | ) | |
| J.E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner Samuel K. Tidwell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons stated below, the Petition is dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of conspiring to distribute cocaine and crack cocaine, in violation of 28 U.S.C. § 846, distributing crack cocaine, in violation of 28 U.S.C. § 841(a)(1), and using and carrying firearms during the conspiracy, in violation of 28 U.S.C. § 924(c). (Doc. 1 at 11). At the sentencing hearing, the court found Petitioner responsible for 14.5 kilograms of powder cocaine and 9.5 kilograms of cocaine base. *United States v. Tidwell*, No. 13-2736, at 2 (7th Cir. Feb. 6, 2014). This resulted in a base offense level of 40, to which the district court added four levels for Petitioner's leadership role in the offense, for a total offense level of 44. *Id*. The court originally sentenced Petitioner to life imprisonment for the conspiracy count. *Id*. Additionally, the court sentenced Petitioner to a concurrent forty-year term of imprisonment on the

distribution counts and a consecutive five-year term of imprisonment on the firearm count. *Id*. Petitioner appealed his conviction and sentence, which were subsequently affirmed by the Seventh Circuit Court of Appeals. *United States v. Evans*, 92 F.3d 540 (7th Cir. 1996). Petitioner filed for a Writ of Certiorari with the United States Supreme Court which was denied. *Tidwell v. United States*, 519 U.S. 972 (1996).

The remainder of Petitioner's procedural history is extensive. By the time Petitioner filed this motion, Petitioner had already filed at least four § 2255 motions,[1] three applications for permission to file a second or successive § 2255 motion,[2] and one other motion pursuant to 28 U.S.C. § 2241.[3]

Pertinent to the present Petition are the following motions. According to Petitioner, he filed his first § 2255 motion in the summer of 1996. (Doc 1 at 4). Then, on June 30, 2016, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a

---

[1] Petitioner claimed to have filed only one motion pursuant to 28 U.S.C. § 2255, which he filed during the summer of 1996. The Court has found record of at least three § 2255 motions filed by Petitioner: *United States v. Samuel Tidwell*, No. 97-cv-50304 (N.D. Ill Dec. 23, 1998); *United States v. Tidwell*, No. 00-cv-50139 (N.D. Ill. Aug. 7, 2000); *United States v. Tidwell*, No. 06-cv-50125 (N.D. Ill. Jun. 29, 2006); *United States v. Tidwell*, No. 13-cv-50297 (N.D. Ill. Sept. 13, 2013). The Court could not find record of a § 2255 motion filed in 1996. Because the Court does not know if the 1996 and 1997 § 2255 motions are the same or different, the Court counted them just as one motion.

[2] See *Tidwell v. United States*, No. 05-2325 (7th Cir. June 7, 2005); *United States v. Tidwell*, No. 12-2400 (7th Cir. July 10, 2012); *Tidwell v. United States*, No. 16-2442 (7th Cir. July 13, 2016). Additionally, the Court does not include within this count the motions that have been construed as a second or successive § 2255 motion, like Petitioner's Federal Rule of Civil Procedure 60(b) motion that he filed in Case No. 00-cv-50139 in 2013. Order, *United States v. Tidwell*, No. 00-cv-50139 (N.D. Ill. Sept. 13, 2013) (construing the 60(b) motion as a second or successive § 2255 motion); *see also* Order, *United States v. Tidwell*, No. 93-cr-20024-3 (N.D. Ill. July 18, 2016) (construing a motion to reconsider drug quantities as a second or successive § 2255 motion).

[3] *Tidwell v. Veach*, No. 05-cv-01291-MMM (C.D. Ill. Oct. 31, 2005).

sentence reduction because of Amendment 782's two-step reduction of the sentencing guidelines. On June 30, 2016, Judge Reinhard granted Petitioner's motion and reduced his sentence from life imprisonment to 420 months imprisonment.

On October 27, 2016, Petitioner filed this present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He alleges four grounds: 1) that "Amendment 782 [to the Sentencing Guidelines] gravely alters the drug amounts as calculated at Movant's sentencing;" 2) inaccurate drug amounts; 3) improper application of 18 U.S.C. § 924(c); and 4) "clerical error in judgment." (Doc. 1 at 6-8).

## LEGAL STANDARDS

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[4] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and concludes that Petitioner's § 2241 claim is not cognizable and must be dismissed.

Petitioner is challenging the validity of the sentence imposed by the district court, and therefore would ordinarily be required to bring his claim as a § 2255 motion rather than a § 2241 petition. *See Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms

---

[4] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

3

of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). He may only petition under 28 U.S.C. § 2241 if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause").

In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit held that collateral relief is available to a federal prisoner under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).[5]

---

[5] The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See Davenport*, 147 F.3d at 609-10. Nor does the fact that a previous § 2255 motion was denied. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

## DISCUSSION

Petitioner's Writ for Habeas Corpus fails to meet the *Davenport* requirements to sustain a challenge of his sentence under § 2241 and therefore must be dismissed. Petitioner's first claim is denied because Petitioner has already received a sentence reduction pursuant to Amendment 782 and because a § 2241 motion is not the proper vehicle for sentencing reductions resulting from changes to the United States Sentencing Guidelines. Petitioner's second, third, and fourth claims are denied because they fail to satisfy the *Davenport* requirements for seeking sentencing relief through a § 2241 motion. Because Petitioner's claims fail to satisfy the *Davenport* requirements, he has failed to demonstrate that § 2255 is an inadequate or ineffective remedy or that he should otherwise be allowed to proceed under § 2241. Therefore, the Court must dismiss the Petition for lack of jurisdiction.

The Court denies Petitioner's first claim under Amendment 782 because Petitioner has already received a sentence reduction pursuant to Amendment 782 and because a § 2241 motion is not the proper vehicle for sentence reductions under Amendment 782. On July 18, 2016, Judge Reinhard granted Petitioner's motion under 18 U.S.C. § 3582(c) and lowered Petitioner's sentence from life imprisonment to 420 months. Because Petitioner already received a reduction in sentence, he does not have a claim via § 2241. Furthermore, Amendment 782 and the Sentencing Guidelines state that 18 U.S.C. §3582(c) is the required method for receiving the sentence reduction. United States Sentencing Guidelines § 1B1.10(b)(1). *See Bruno v. Stone*, No. CV-315-002, 2015 U.S. Dist. LEXIS 49671, at *4 (S.D. Ga. Apr. 15, 2015) (finding that Amendment 782 does not provide a basis of relief under § 2241); *Alma*

5

*v. Andrews*, No. 5:15-HC-02015-D, 2015 U.S. Dist. LEXIS 167573, at * 3 (E.D. N.C. Oct. 29, 2015) (finding that a § 2241 motion is not the "proper vehicle" for a sentence reduction pursuant to Amendment 782). Therefore, Amendment 782 does not provide a claim upon which relief can be granted.

The Court denies Petitioner's second claim, of inaccurate drug amounts, because it fails *Davenport's* first and second requirements: that Petitioner relies on a new statutory-interpretation case and that Petitioner could not have invoked the decision on his first § 2255 motion. Petitioner argues that the drug amounts attributable to him were inaccurately calculated during his sentencing. He relies on *United States v. Henderson* to argue that the original findings were ambiguous and based on estimations. 58 F.3d 1145 (7th Cir. 1995). However, *Henderson* is not a case of statutory interpretation. Additionally, the United States Court of Appeals for the Seventh Circuit has already rejected this argument by Petitioner and stated that: "[T]he facts of *Henderson* are distinguishable from Mr. Tidwell's case." *United States v. Tidwell*, No. 13-2736, at 3 (7th Cir. Feb. 6, 2014). Additionally, the Seventh Circuit explained that Petitioner had had the opportunity to make this argument previously:

> "Mr. Tidwell complains that his sentencing judge improperly determined that half of the drugs distributed during the later part of the conspiracy was crack cocaine instead of powder cocaine, but he raised this same argument in his direct appeal and it was rejected."

*Id*. Because Petitioner raised this issue on direct appeal, it is not an issue that was unable to be invoked during his first § 2255 motion. Therefore, Petitioner's argument about inaccurate drug amounts does not provide a claim upon which relief could be granted.

The Court denies Petitioner's third claim, of an improper application of 18 U.S.C. § 924(c), because it fails *Davenport's* second requirement: that Petitioner could not have invoked the decision on his first § 2255 motion. Petitioner claims that a new sentencing standard was set forth in 1995 through *Bailey v. United States*, 516 U.S. 137 (1995). However, by Petitioner's own statement, he did not file his first § 2255 motion until the "Summer 1996 term." (Doc. 1 at 4). Therefore, Petitioner fails *Davenport's* second requirement because he could have asserted this argument during his first § 2255.

Lastly, the Court denies Petitioner's fourth claim, of a clerical error in judgment, because it fails *Davenport's* first requirement: that Petitioner relies on a new statutory-interpretation case. Petitioner asserts that there was a clerical error that should be corrected under Federal Rule of Criminal Procedure 52(b). However, this is not a new case of statutory-interpretation. The Federal Rules of Criminal Procedure are not statutes; rather, they are the rules that "govern the procedure in all criminal proceedings in the United States" courts. Fed. R. Crim. P. 1. Petitioner also cites to *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), as support for his interpretation of Federal Rule of Criminal Procedure 52(b). However, *Molina-Martinez* fails *Davenport's* second prong because nothing in *Molina-Martinez* indicates that it applies retroactively.

Because Petitioner's claims fail to satisfy the *Davenport* requirements, he has failed to demonstrate that § 2255 is an inadequate or ineffective remedy or that he should otherwise be allowed to proceed under § 2241. Therefore, Petitioner's § 2241 petition is nothing more than a successive § 225 motion in disguise. Because it was

brought without permission from the United States Court of Appeals for the Seventh Circuit, it constitutes an improper attempt to avoid the procedural limitations required for motion brought under § 2255 and must be dismissed for lack of jurisdiction.

### CERTIFICATE OF APPEALABILITY

Because the Petitioner failed to show that a § 2255 motion was inadequate (in order to be able to proceed as a § 2241 motion) and the Court is treating the Petition as a § 2255 petition, the Court must determine whether to issue a certificate of appealability. *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n. 3 (7th Cir. 2015).

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A "substantial showing" is met when a "reasonable jurist could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (omitting citations). A petitioner need not show that the appeal will succeed, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith'" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the

8

district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the above reasons, the Court DISMISSES the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) for lack of jurisdiction. This matter is now TERMINATED.

Entered this _2nd_ day of November, 2016.

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                       United States Senior District Judge