UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SAMUEL K. TIDWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-1413 |
| | ) |
| J.E. KRUEGER, | ) |
| | ) |
| Respondent. | ) |

# ORDER & OPINION

This matter is before the Court on Petitioner Samuel K. Tidwell's Motion for Reconsideration under Federal Rule of Civil Procedure 59. (Doc. 4). For the reasons stated below, the Motion is dismissed for want of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of conspiring to distribute cocaine and crack cocaine, in violation of 28 U.S.C. § 846, distributing crack cocaine, in violation of 28 U.S.C. § 841(a)(1), and using and carrying firearms during the conspiracy, in violation of 28 U.S.C. § 924(c). (Doc. 1 at 11). At the sentencing hearing, the court found Petitioner responsible for 14.5 kilograms of powder cocaine and 9.5 kilograms of cocaine base. *United States v. Tidwell*, No. 13-2736, at 2 (7th Cir. Feb. 6, 2014). This resulted in a base offense level of 40, to which the district court added four levels for Petitioner's leadership role in the offense, for a total offense level of 44. *Id*. The court originally sentenced Petitioner to life imprisonment for the conspiracy count. *Id*. Additionally, the court sentenced Petitioner to a concurrent forty-year term of imprisonment on the

distribution counts and a consecutive five-year term of imprisonment on the firearm count. *Id*. Petitioner appealed his conviction and sentence, which were subsequently affirmed by the Seventh Circuit Court of Appeals. *United States v. Evans*, 92 F.3d 540 (7th Cir. 1996). Petitioner filed for a Writ of Certiorari with the United States Supreme Court which was denied. *Tidwell v. United States*, 519 U.S. 972 (1996).

The remainder of Petitioner's procedural history is extensive. By the time Petitioner filed this motion, Petitioner had already filed at least four § 2255 motions,[1] three applications for permission to file a second or successive § 2255 motion,[2] and one other motion pursuant to 28 U.S.C. § 2241.[3]

Pertinent to the original Petition for Writ of Habeas Corpus are the following motions. According to Petitioner, he filed his first § 2255 motion in the summer of 1996. (Doc 1 at 4). Then, on June 30, 2016, Petitioner filed a motion pursuant to 18

---

[1] Petitioner claimed to have filed only one motion pursuant to 28 U.S.C. § 2255, which he said that he filed during the summer of 1996. The Court has found record of at least four § 2255 motions filed by Petitioner: *United States v. Samuel Tidwell*, No. 97-cv-50304 (N.D. Ill Dec. 23, 1998); *United States v. Tidwell*, No. 00-cv-50139 (N.D. Ill. Aug. 7, 2000); *United States v. Tidwell*, No. 06-cv-50125 (N.D. Ill. Jun. 29, 2006); *United States v. Tidwell*, No. 13-cv-50297 (N.D. Ill. Sept. 13, 2013). The Court could not find record of a § 2255 motion filed in 1996. Because the Court does not know if the 1996 and 1997 § 2255 motions are the same or different, the Court counted them as just one motion.

[2] *See Tidwell v. United States*, No. 05-2325 (7th Cir. June 7, 2005); *United States v. Tidwell*, No. 12-2400 (7th Cir. July 10, 2012); *Tidwell v. United States*, No. 16-2442 (7th Cir. July 13, 2016). Additionally, the Court does not include within this count the motions that have been construed as a second or successive § 2255 motion, like Petitioner's Federal Rule of Civil Procedure 60(b) motion that he filed in Case No. 00-cv-50139 in 2013. Order, *United States v. Tidwell*, No. 00-cv-50139 (N.D. Ill. Sept. 13, 2013) (construing the 60(b) motion as a second or successive § 2255 motion); *see also* Order, *United States v. Tidwell*, No. 93-cr-20024-3 (N.D. Ill. July 18, 2016) (construing a motion to reconsider drug quantities as a second or successive § 2255 motion).

[3] *Tidwell v. Veach*, No. 05-cv-01291-MMM (C.D. Ill. Oct. 31, 2005).

U.S.C. § 3582(c)(2) for a sentence reduction because of Amendment 782's two-step reduction of the sentencing guidelines. On June 30, 2016, Judge Reinhard granted Petitioner's motion and reduced his sentence from life imprisonment to 420 months imprisonment.

On October 27, 2016, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He alleged four grounds: 1) that "Amendment 782 [to the Sentencing Guidelines] gravely alters the drug amounts as calculated at Movant's sentencing;" 2) inaccurate drug amounts; 3) improper application of 18 U.S.C. § 924(c); and 4) "clerical error in judgment." (Doc. 1 at 6-8).

The Court dismissed Petitioner's Petition for Writ of Habeas Corpus. (Doc. 2). The Court found that Petitioner failed to satisfy the requirements of *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), which requires a prisoner to prove that § 2255 motion is an inadequate or ineffective remedy and before it allows a prisoner to challenge his sentence through a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 2 at 5). Specifically, the Court found that Petitioner had already received a sentence reduction pursuant to Amendment 782. *Id.* Additionally, the Court found that Petitioner's remaining claims could have been brought during one of his four previous § 2255 motions. *Id.* The Court also found that Petitioner's arguments did not rely on a new case of statutory interpretation. *Id.*

Because Petitioner did not prove that a § 2255 would be inadequate or ineffective, the Court consider his petition to be a successive § 2255 motion in disguise. *Id.* at 8. Because Petitioner brought it without permission from the United States Court of Appeals for the Seventh Circuit, the Court dismissed the petition for

lack of jurisdiction. *Id*. Additionally, the Court declined to issue a certificate of appealability. *Id*. at 9.

On November 21, 2016, Petitioner filed this Motion for Reconsideration under Federal Rule of Civil Procedure 59. (Doc. 4). Petitioner sets forth two arguments. First, Petitioner argues that he was improperly convicted of § 924(c).[4] *Id*. at 1. Second, Petitioner argues that his drug amounts were improperly calculated.[5] *Id*. at 4.

### LEGAL STANDARDS

A request to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A movant may not advance in a Rule 59(e) motion arguments he should have raised before judgment was entered. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

---

[4] Petitioner titles this portion of his argument "Petitioner has not had an opportunity to raise these issues and has no other vehicle but § 2241 to raise these issues." However, he does not make that argument. Rather, he argues that he was improperly convicted of a violation of § 924(c). The Court looks to the substance of his argument rather than the title.

[5] Petitioner titles this portion of his argument "Petitioner is actually innocent for the amount of drugs in which petitioner was held responsible for." However, Petitioner is not making an actual innocence claim. Rather, he argues that the drug amounts assigned to him were improperly calculated. Again, the Court looks to the substance of his argument rather than the title.

## DISCUSSION

Petitioner does not assert that the Court made a manifest error of law or fact; nor does Petitioner present newly discovered evidence. Rather Petitioner's Motion for Reconsideration is nothing more than identical copy of portions of his original Petition for Writ for Habeas Corpus.[6]

Because the Petitioner does not assert that the Court made a manifest error of law or fact, nor does he present newly found evidence, the Court finds that Petitioner is not asking the Court to reconsider its original opinions, but rather Petitioner is attempting to challenge his sentence again. Therefore, the Court looks beyond Petitioner's title and finds that this Motion is actually an attempt at a second or successive § 2255 motion. *See United States v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999) (finding that the court may look beyond the title of a motion to determine the substance of the motion); *see also Mosley v. United States*, No. 09-1164, 2009 U.S. App. LEXIS 29779, *2 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)) ("The [Rule 59] motion reargued the challenge [defendant] made to his conviction in his § 2255 motion, so it was really a successive § 2255").

Therefore, Petitioner is bringing a second or successive § 2255 motion without permission of the United States Court of Appeals for the Seventh Circuit. Under § 2255(h), successive motions must first be certified by the Court of Appeals. Petitioner

---

[6] Compare pages two through four of Petitioner's Motion for Reconsideration (Doc. 4) with pages six through nine of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Also compare pages four through six of Petitioner's Motion for Reconsideration (Doc. 4) with pages four through six of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Most of the language is an identical copy of the original Petition, including identical typographical errors.

has made no showing that he has obtained the requisite certification. Therefore, the present motion must be dismissed as an unauthorized successive motion under § 2255, over which this Court does not have subject-matter jurisdiction. The only recourse available to Petitioner is to seek certification of his successive motion from the appropriate court of appeals. 28 U.S.C. § 2255(h).

## CERTIFICATE OF APPEALABILITY

Because the Court is treating the Petition as a § 2255 petition, the Court must determine whether to issue a certificate of appealability. *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n. 3 (7th Cir. 2015).

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A "substantial showing" is met when a "reasonable jurist could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (omitting citations). A petitioner need not show that the appeal will succeed, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith'" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the

district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Consistent with the discussion above, the Court finds that no reasonable jurist would differ on the Court's treatment of Petitioner's § 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure Rule 59 (Doc. 4) is DISMISSED FOR WANT OF JURISDICTION. Certificate of appealability is DENIED.

CASE TERMINATED.

Entered this 23rd day of November, 2016.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                        United States Senior District Judge