E-FILED
Wednesday, 22 November, 2017  02:38:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SAMUEL K. TIDWELL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-1413 |
| J.E. KRUEGER, | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on Petitioner Samuel K. Tidwell's Motion for Reconsideration. (Doc. 17). For the reasons stated below, the motion is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of conspiring to distribute cocaine and crack cocaine, in violation of 28 U.S.C. § 846, distributing crack cocaine, in violation of 28 U.S.C. § 841(a)(1), and using and carrying a firearm in the commission of a drug trafficking crime, in violation of 28 U.S.C. § 924(c). (Doc. 1 at 11). The Seventh Circuit affirmed Tidwell's conviction and sentence on appeal. *United States v. Evans*, 92 F.3d 540 (7th Cir. 1996). Petitioner filed for a Writ of Certiorari with the United States Supreme Court which was denied. *Tidwell v. United States*, 519 U.S. 972 (1996).

Petitioner has filed numerous motions and petitions since his conviction. Petitioner has filed at least four § 2255 petitions,[1] three applications for permission

---

[1] *United States v. Tidwell*, No. 97-cv-50304 (N.D. Ill Dec. 23, 1998); *United States v. Tidwell*, No. 00-cv-50139 (N.D. Ill. Aug. 7, 2000); *United States v. Tidwell*, No. 06-cv-

to file a second or successive § 2255 motion,[2] and two § 2241 petitions—the second of which is at issue in this motion.[3]

This Court dismissed Tidwell's most recent § 2241 petition on November 2, 2016, because Tidwell had not demonstrated that § 2255 was inadequate or ineffective to challenge his conviction or sentence. *Tidwell v. Kruger*, 16-cv-1413-JBM (C.D. Ill. Nov. 7, 2016) (Doc. 2). On May 2, 2017, the Seventh Circuit affirmed this Court's dismissal of Tidwell's second § 2241 petition and cautioned Tidwell that submitting frivolous papers would result in a fine similar to those imposed in *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). *Tidwell v. Krueger*, No. 16-3973 (7th Cir. 2017).

Now Tidwell files a Motion for Reconsideration pursuant to Rule 60(b) and/or Rule 52(a)(6) of the Court's Order dismissing Tidwell's second § 2241 petition. (Doc. 17). He alleges that claim three in his second § 2241 petition, wherein Tidwell argued that his § 924(c) conviction is invalid under *Bailey v. United States*, 116 S.Ct. 501 (1995), should not have been dismissed.

---

50125 (N.D. Ill. Jun. 29, 2006); *United States v. Tidwell*, No. 13-cv-50297 (N.D. Ill. Sept. 13, 2013).
[2] *Tidwell v. United States*, No. 05-2325 (7th Cir. June 7, 2005); *United States v. Tidwell*, No. 12-2400 (7th Cir. July 10, 2012); *Tidwell v. United States*, No. 16-2442 (7th Cir. July 13, 2016). Additionally, the Court does not include within this count Tidwell's motions that have been construed as second or successive § 2255 motions. Order, *United States v. Tidwell*, No. 00-cv-50139 (N.D. Ill. Sept. 13, 2013) (construing Rule 60(b) motion as a second or successive § 2255 motion); Order, *United States v. Tidwell*, No. 93-cr-20024-3 (N.D. Ill. July 18, 2016) (construing a motion to reconsider drug quantities as a second or successive § 2255 motion).
[3] *Tidwell v. Veach*, No. 05-cv-01291-MMM (C.D. Ill. Oct. 31, 2005); *Tidwell v. Krueger*, 16-cv-1413-JBM (C.D. Ill. Nov. 7, 2016).

In its November 2016 Order & Opinion, this Court held that Tidwell failed to show that § 2255 was inadequate or ineffective under *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), because Petitioner could have made a *Bailey* argument in his first § 2255 petition. (Doc. 2 at 7). The Seventh Circuit agreed on appeal, noting that *Bailey* was decided before Tidwell filed his first § 2255 motion and that this issue was addressed on direct appeal. *Tidwell v. Krueger*, No. 16-3973 (7th Cir. 2017).

In the instant motion, Tidwell argues that while *Bailey* was decided in 1995, it was not made retroactive on collateral review until 1998, after Tidwell filed his first § 2255 motion. Thus, Tidwell argues that this Court erred in holding that Tidwell could have raised a *Bailey* claim in his first § 2255 petition.

## **LEGAL STANDARDS AND ANALYSIS**

Tidwell's Motion for Reconsideration invokes Federal Rules of Civil Procedure 60(b) and 52(a)(6). Rule 60(b) authorizes a court to grant relief from final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b).

Tidwell does not specify which subsection of Rule 60(b) he is invoking, but his claim must fall under one of the narrow grounds for relief delineated. *See Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (noting that motions

made pursuant to Rule 60(b) must specifically indicate the grounds for reconsideration and "cannot be general pleas for relief."). Tidwell argues that this Court made a "correctable error" when it determined that Tidwell could have raised a *Bailey* argument in his first § 2255 petition. (Doc. 17 at 2). Tidwell's first § 2255 petition was filed in 1997, but *Bailey* (decided in 1995) did not become retroactive until 1998. *Id.* Thus, Tidwell contends that he could not have raised a *Bailey* argument in his first § 2255 petition. *Id.*

Legal error is not a ground for relief under Rule 60(b). *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002). Rule 60(b) is not intended to correct "mere legal blunders." *See Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000). This is why "a party invoking Rule 60(b) must claim grounds for relief 'that could not have been used to obtain a reversal by means of a direct appeal.'" *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (citing *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009)); *see Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Cf. Knapp v. Evgeros, Inc.*, No. 15-754, 2017 WL 3592663, *6 (N.D. Ill. Aug. 21, 2017) (citing *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002)) ("Most circumstances that qualify for Rule 60(b) relief involve 'factual information that comes to light only after the judgment, and could not have been learned earlier.'"). "Therefore, errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Id.*

The Seventh Circuit has already considered whether Tidwell's § 924(c) conviction was valid in light of *Bailey*. *Evans*, 92 F.3d at 542. *Bailey* emphasized that "use" under § 924(c) required "active employment" of a firearm by the defendant.

4

*Bailey*, 516 U.S. at 143. On direct appeal, the Seventh Circuit held that *Bailey*'s holding did not entitle Tidwell to a new trial on his § 924(c) conviction because there was "plenty of evidence that Tidwell 'carried' guns within the meaning of the statute, even if he didn't 'use' them within that meaning." *Evans*, 93 F.3d at 542. The instant motion does not raise a new ground for setting aside the judgment, and Tidwell cannot proceed under Rule 60(b). *See Kiswani*, 584 F.3d at 743.

In any event, Tidwell's argument is patently meritless. *Bailey* was decided in 1995, and was therefore available to Tidwell at the time he filed his first § 2255 petition in 1997. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (noting that *Richardson v. United States*, 526 U.S. 813 (1999), was decided after petitioner's first § 2255 motion and was therefore unavailable); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002) (noting that *Bailey* was not available to a petitioner who filed his first § 2255 petition before *Bailey* was decided). Where the claim being advanced in the § 2241 petition could have been, or was, advanced in a prior § 2255 motion, the remedy offered by § 2255 is not inadequate or ineffective. *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002). Tidwell is clearly not entitled to Rule 60(b) relief.

Tidwell is likewise not entitled to relief under Rule 52(a)(6). Rule 52(a)(6) prohibits reviewing courts, like courts of appeals, from setting aside a district court's factual findings unless they are clearly erroneous. FED. R.CIV. P. 52(a)(6); *Estrada-Martinez v. Lynch*, 809 F.3d 886, 895 (7th Cir. 2015). Rule 52(a)(6) is not the appropriate vehicle for challenges to the denial of § 2241 petitions. As already explained above, this Court did not commit legal error when it dismissed Tidwell's

5

second § 2241 petition. Tidwell's motion for reconsideration is DENIED in its entirety.

## CONCLUSION

For the above reasons, the Court DENIES Petitioner's Motion for Reconsideration. (Doc. 17). It is further noted that because Tidwell has filed numerous frivolous submissions in this Court and the Circuit Court of Appeals reflecting his unwillingness to 1) follow the proper procedures of 28 U.S.C. § 2255 and 2) accept that there is no further relief available to him to challenge his conviction and sentence for conspiracy to distribute cocaine and crack cocaine, two counts of distribution of crack cocaine, and using or carrying a firearm in the commission of a drug trafficking crime, the Petitioner is hereby **WARNED: any further habeas petition or frivolous motion purporting to challenge the aforementioned convictions that Petitioner files in this Court may be subject to the type of sanction imposed by the Seventh Circuit Court of Appeals** in *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997), where the Court warned that if the petitioner filed any further habeas petitions he would be fined $500, face a *Mack* order requiring that his fine be paid before any other civil litigation be allowed to be filed, and any habeas action will be summarily dismissed thirty days after filing unless otherwise ordered by the Court.

Entered this 22nd day of November, 2017.

                                                                    s/ Joe B. McDade
                                                                    JOE BILLY McDADE
                                          United States Senior District Judge